[Cite as *King v. Dept. of Job & Family Servs.*, 2018-Ohio-3477.]

| | |
|---|---|
| DERRICK M. KING | Case No. 2018-00416PQ |
| Requester | Judge Patrick M. McGrath |
| v. | <u>JUDGMENT ENTRY</u> |
| DEPARTMENT OF JOB AND FAMILY SERVICES | |
| Respondent | |

{¶1} Before the court are (1) Special Master Jeffery W. Clark's report and recommendation of July 5, 2018, (2) requester Derrick M. King's objections of July 9, 2018 to Special Master Clark's report and recommendation, and (3) respondent Department of Job and Family Services' response of July 16, 2018, to King's written objections. For reasons set forth below, the court holds that King's objections should be overruled, that the special master's report and recommendation should be adopted, and that judgment should be rendered in favor of respondent Department of Job and Family Services (DJFS).

## Background and Procedural History

{¶2} On March 8, 2018, King filed a complaint against DJFS wherein King alleged a denial of access to public records. The court appointed Jeffery W. Clark as a special master in the cause. And the court referred the case to mediation. After mediation failed to successfully resolve all disputed issues between the parties, the court returned the case to the docket of Special Master Clark. DJFS thereafter filed a document labeled "Combined Response to Complaint and Motion To Dismiss Of Respondent Ohio Department of Job and Family Services." On July 5, 2018, Special Master Clark issued a report and recommendation wherein he found that "any basis for dismissal is subsumed in the arguments to deny the claims on the merits," and he recommended that the court "proceed to determine this matter on the merits." (Report

and Recommendation, 2.)  In the conclusion of the report and recommendation, Special Master Clark stated: "Upon consideration of the pleadings and attachments, I recommend the court DENY requester's claim for production of records.  I recommend that court costs be assessed to requester."  (Report and Recommendation, 6.)

{¶3} On July 6, 2018, the court forwarded a copy of Special Master Clark's report and recommendation to King and respondent's counsel.  Three days later, on July 9, 2018, King filed written objections to the special master's report and recommendation. In a proof of service, King certified that the sent "a true and correct copy" of his objections to defense counsel Theresa R. Hanna and certain others at DJFS via "electronic mail service."

{¶4} On July 16, 2018, DJFS filed a response to King's written objections.  In a certificate of service accompanying DJFS's response, counsel for DJFS certified that she sent a copy of DJFS's response to King "by certified mail, return receipt requested, on July 16, 2018."

## Law and Analysis

{¶5} Pursuant to R.C. 2743.75(A), this court has authority to adjudicate or resolve complaints based on alleged violations of R.C. 149.43(B).  R.C. 2743.75(F)(2) governs objections to a report and recommendation issued by a special master of this court. Pursuant to R.C. 2743.75(F)(2):

> Either party may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested.  Any objection to the report and recommendation shall be specific and state with particularity all grounds for the objection.  If neither party timely objects, the court of claims shall promptly issue a final order adopting the report and recommendation, unless it determines that there is an error of law or other defect evident on the face of the report and recommendation.  If either party timely objects,
>
> the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the

objecting party by certified mail, return receipt requested. The court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation.

In this instance, King's objections are timely filed because King filed his objections within seven business days after receiving a copy of the special master's report and recommendation that the court forwarded to King. However, King's objections do not fully comport with requirements contained in R.C. 2743.75(F)(2) because, according to the proof of service accompanying King's objections, King did not send a copy of the objections to DJFS by certified mail, return receipt requested, as required by R.C. 2343.75(F)(2). Because King has failed to fully comply with procedural requirements contained in R.C. 2743.75(F)(2) when he filed his objections, King's non-conforming filing properly may be stricken. *See* McCormac and Solimine, *Anderson's Ohio Civil Practice with Forms*, Section 6.12 (2016 Ed.) ("a court has an inherent right to strike pleadings from the file where its rules are being violated or grossly abused"); *see also Barrette v. Lopez*, 132 Ohio App.3d 406, 416-417, 725 N.E.2d 314 (7th Dist.1999) ("a trial court is vested with broad discretion over the admission and exclusion of evidence. * * * Thus, even in the absence of an objection, the trial court has the inherent authority to exclude or strike evidence on its own motion"). However, in the interest of justice, the court will accept King's objections as filed.

{¶6} Unlike King's written objections, DJFS's response to King's objections complies with procedural requirements contained in R.C. 2743.75(F)(2) because DJFS's response was filed within seven business days of King's objections and because, according to DJFS's counsel, a copy of DJFS's response was sent to King by certified mail, return receipt requested.

{¶7}    King presents the court with two objections:

(1) "REQUESTOR HAS ALREADY MODIFIED HIS INITIAL PUBLIC RECORDS REQUESTS SO THEY ARE NOT OVERLY BROAD,"

(2) "REQUESTOR HAS DEMONSTRATED BY CLEAR AND CONVINCING EVIDENDE [sic] THAT THERE ARE SOME RECORDS THAT EXIST AND RESPONDENT HAS REFUSED TO EITHER PROVIDE THE REQUESTED RECORDS OR A VALID JUSTIFICATION FOR THE REFUSAL TO PROVIDE THE RECORDS."

{¶8} In response, DJFS urges the court to strike or disregard King's objections because in DJFS's view, in his objections King has improperly revealed confidential mediation communications.  DJFS also urges the court to reject King's objections, adopt the special master's recommendation, and deny King's claim for the production of records because, in DJFS's view, King's records request of February 27, 2018, in its original form, is the only request before the court.

{¶9} Here, the special master noted that each of King's requests "is identical in form, asking for 'copies of all e-mails between' two correspondents, identified by name and an email address, 'between the time period of July 1, 2016 and March 31, 2017.'" (Report and Recommendation, 4.) The special master found that these requests "are ambiguous and overly broad in asking for an entire category of records rather than describing particular emails in a manner that ODJFS can reasonably identify the records sought.  The nine-month time period is greater than that of similar requests found overly broad by Ohio courts.  I recommend that the court find that ODJFS properly denied the requests."  (Report and Recommendation, 5.)

{¶10} By his first objection, King contends that he modified his initial request for records so they are not overly broad.  Notably, this court previously has stated: "While the court encourages consensual revision of ambiguous or overly broad requests in cases filed under R.C. 2743.75, such revision does not relate back to the filing of the complaint.  There can be no cause of action based on failure of a public office to provide

records in accordance with R.C. 149.43(B) without a proper request having been made and denied prior to filing the complaint. *See State ex rel. Bardwell v. Ohio Atty. Gen.*, 181 Ohio App.3d 661, 2009-Ohio-1265, 910 N.E.2d 504, ¶ 5 (10th Dist.)." *Robinson v. Village of Alexandria*, Ct. of Cl. No. 2017-00808PQ, 2018-Ohio-1581, ¶ 21 (Report and Recommendation, March 16, 2018), adopted by the court, and re-adopted by court on April 4, 2018, and April 11, 2018, respectively. Thus, King's claim that he modified his initial request for records is of no consequence because at issue in this case are the requests asserted by his complaint of March 8, 2018. The court determines that King's first objection should be overruled.

{¶11} Moreover, notwithstanding King's contention that he has demonstrated by clear and convincing evidence that there is no valid justification for DJFS's refusal to provide the requested records, the court concludes that clear and convincing evidence supports the special master's determination that DJFS properly denied King's requests. *See Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus (holding that clear and convincing evidence "is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established"). The court determines that King's second objection should be overruled.

## Conclusion

{¶12} Accordingly, after independent review, the court finds no error or law or other defect in the special master's report and recommendation of July 5, 2018. The court ADOPTS the special master's report and recommendation of July 5, 2018, as its own, including the findings of fact and conclusions of law contained in it. The court OVERRULES King's objections of July 9, 2018, to the special master's report and recommendation of July 5, 2018. Judgment is rendered in favor of DJFS. Court costs

are assessed against King. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

**Filed July 18, 2018**
**Sent to S.C. Reporter 8/29/18**